IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Herbert Demond York, # 3033, | ) | C/A No.: 1:19-2885-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Ms. A. Capers, | ) | |
| Defendant. | ) | |

Herbert Demond York ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter comes before the court on Plaintiff's motion for leave to amend his complaint [ECF No. 27] and motions to compel [ECF No. 32, 35].

I. Motion to Amend

Plaintiff filed a proposed amended complaint that is construed as a motion to amend. He seeks to add as defendants Tiffany Jones and Dasia Williams, who he alleges were present when Capers ("Defendant") discharged her taser on Plaintiff. [ECF No. 27]. He also seeks to add Jail Administrator Jeff Johnson and security staff member Lynette Patton. *Id.* He makes no allegations of Johnson's or Patton's involvement in the alleged use of force, but states Johnson failed to correct Defendant's misconduct and Patton failed to report the misconduct.

Motions to amend a pleading are governed by Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, a court should deny a motion to amend "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Although Defendant argues Plaintiff has not asserted a constitutional claim against the proposed defendants, the undersigned finds Plaintiff's allegations against Jones and Williams could constitute claims for failure to protect or failure to provide medical care. However, Plaintiff's claims against Johnson and Patton are futile, as Plaintiff has not alleged that either were present during any portion of the incident, and supervisory liability is not actionable in claims brought pursuant to §1983.

The undersigned grants Plaintiff's motion to amend to the extent he seeks to add Jones and Williams. The Clerk of Court is directed to file the amended complaint as a new docket entry with docket text noting the court

has not authorized the claims against Johnson and Patton. Counsel for Defendant is directed to advise the court by January 27, 2020, whether she is authorized to accept service on behalf of these defendants. In light of the addition of defendants, the undersigned will issue a new scheduling order providing additional time for discovery.

II. Motion to Compel

Plaintiff also filed a motion to compel and attached Defendant's responses.[1] A review of the requests and responses reveals that neither party properly followed Fed. R. Civ. P. 34. For instance, Rule 34(b)(1)(A) requires requests to describe with reasonable particularity each item or category of items to be produced. Plaintiff requested "The complete records of Plaintiff at the Florence County Detention Center" and "Any/all rules and procedures of Florence County Detention Center from 2018–2019." [ECF No. 32-1 at ¶¶ 1, 10]. Such requests are overly broad and Plaintiff has not shown the relevance or necessity for these documents. However, there may be certain documents within these requests to which Plaintiff may be entitled. Plaintiff may resubmit revised and more specific discovery requests within the deadline for completion of discovery, bearing in mind that each request must be relevant

---

[1] Plaintiff's deadline to file a reply in support of his motion to compel has not expired, but the undersigned's ruling does not prejudice Plaintiff's rights to present argument in the future.

to a claim or defense and consider the proportional needs of the case pursuant to Fed. R. Civ. P. 26(b).

In the same vein, Defendant has failed to provide potentially relevant information, choosing instead to provide boilerplate objections. Rule 34(b)(2)(C) requires objections to state whether any responsive materials are being withheld on the basis of the objection and requires that any objection to part of a request specify the part that will be produced. Further, Defendant objects to several requests as creating a security risk to detention center employees, including Plaintiff's own record at the detention center. [ECF No. 32-1 at ¶¶ 1]. The court directs Defendant's attention to *Brooks v. Johnson*, 924 F.3d 104, 121–122 (4th Cir. 2019), which found "relevant use-of-force policies are routinely considered in excessive-force litigation, including litigation that arises in the prison context." *Id.* at 122. The undersigned finds the ruling in *Brooks* directly applicable to Plaintiff's Request for Production No. 7 and arguably relate to other objections.

Based on the foregoing, the undersigned grants Plaintiff's motion to compel as to Request for Production No. 7 and denies the remainder of Plaintiff's motion to compel without prejudice to refile. [ECF No. 32]. Plaintiff is directed to submit more specific discovery requests to Defendant and Defendant is instructed to respond with careful attention to Rule 34(b)(2)(C) and bearing in mind the authority provided in *Brooks*.

Plaintiff filed a second motion to compel, to which Defendant's response is not yet due. It is not clear whether Defendant responded to the discovery propounded by Plaintiff, as he both states that he has not received responses, but also appears to quote some responses. [ECF No. 35]. Plaintiff does not attach a copy of the responses as he did in the prior motion to compel. In the interest of efficiency, the undersigned denies Plaintiff's second motion to compel without prejudice and with a directive for Defendant to provide responses to all properly-requested specific discovery in accordance with the guidance provided herein.

IT IS SO ORDERED.

January 17, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge