# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Herbert D. York, ) | C/A. No. 1:19-2885-RMG |
| )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Andrea Capers, Tiffany Jones, ) | |
| and Dasia Williams, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 100) recommending the Court grant in part and deny in part Defendants Andrea Capers and Tiffany Jones' motion for summary judgment (Dkt. No. 78), grant Defendant Dasia Williams' motion for summary judgment (Dkt. No. 87) and deny Plaintiff Herbert D. York's discovery motions and motion for extension of time to file a supplemental response to Defendants' motions, (Dkt. Nos. 85, 91, 92, 93, 97). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

## I.     Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this 42 U.S.C. § 1983 action, asserting violations of his constitutional rights against Sgt. Capers, Sgt. Jones, and Officer Williams related to Caper's use of her taser on Plaintiff on September 16, 2019, while Plaintiff was housed as a pretrial detainee at the Florence County Detention Center ("FCDC").

On May 1, 2020, Capers and Jones filed a motion for summary judgment, (Dkt. No. 78), and on May 21, 2020, Williams filed a motion for summary judgment, (Dkt. No. 87). Between May 26, 2020 and June 10, 2020 Plaintiff filed a response in opposition, (Dkt. No. 90), and three "supplement[al]" responses, (Dkt. Nos. 95, 96, 98).

On July 6, 2020 the Magistrate Judge issued an R & R, (Dkt. No. 100), recommending that the Court grant in part and deny in part Capers and Jones' motion for summary judgment, grant Williams' motion for summary judgment, and deny Plaintiff's various discovery motions and motion for extension of time to file a supplemental response to Defendants' motions. On July 16, 2020, Capers and Jones filed timely objections to the R & R. (Dkt. No. 105). The parties' motions are fully briefed and ripe for disposition.

### II.     Legal Standard

#### a. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Capers and Jones filed objections, (Dkt. No. 105), and the R & R is reviewed *de novo*.

#### b. Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party.  *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

I.     **Discussion**

After review of the record, the R & R, and Capers and Jones' objections, the Court finds the Magistrate Judge accurately set forth the facts and legal principles in this case and therefore adopts the R & R in whole as the order of the Court.  The Court addresses Capers and Jones' objections below.

Capers and Jones argue that the Magistrate Judge erroneously found that an issue of material fact existed as it pertained to Plaintiff's excessive force claim. (Dkt. No. 105).  Capers and Jones argue that, in opposing their motion for summary judgment, Plaintiff relied only on "conclusory statements" which repeated allegations set forth in his amended complaint.  Capers and Jones further argue that Plaintiff—who opposed Capers and Jones' motion by means of a verified affidavit—did not "come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for [him]." (*Id.* at 1) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  The Court disagrees.

In the R & R, the Magistrate Judge accurately describes Capers and Jones' version of the events regarding Capers' September 16, 2019 use of a taser on Plaintiff.  Capers and Jones base their version of the events in question on their respective affidavits. (Dkt. Nos. 78-8 & 78-9).  The Magistrate Judge then accurately describes Plaintiff's version of said events, based on his affidavit. (Dkt. No. 100 at 2-5); (Dkt. No. 98-1) (verified affidavit).  The Magistrate Judge then correctly concluded that the parties' versions were materially different and that a question of fact remained for a jury to decide as to whether Capers' use of a taser on Plaintiff was objectively reasonable. (Dkt. No. 100 at 9).  "Where, as here, the parties offer dueling affidavits with substantially different accounts, *Scott* instructs that 'in such posture, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.'" *Stout v. Reuschling*, No. CIV.A. TDC-14-1555, 2015 WL 1461366, at *9-10 (D. Md. Mar. 27, 2015) (denying summary judgment in § 1983 action where plaintiff's affidavit disputed key facts related to defendants' alleged use of excessive force) (citing *Scott v. Harris*, 550 U.S. 372, 378 (2007)); *see Scott*, 550 U.S. at 380-81 (noting that, in the Fourth Amendment excessive force context, the nonmoving party's version of events should not have been adopted on summary judgment where the record "blatantly contradicted" his account, such as where undisputed videotape conclusively discredited the nonmoving party's story that he had been driving cautiously while fleeing from police).  Here, beyond their own affidavits, Capers and Jones have put forth no undisputed evidence which "blatantly contradict[s]" Plaintiff's account of the events which occurred on September 16, 2019 at FCDC.  The fact Plaintiff relies "only" on his verified affidavit in opposition to their motion does not diminish said affidavit's capacity to create a disputed issue of material fact. *See Jones v. Fox*, No. C.A. 0:06 2028 MBS, 2007 WL 1068249, at *2 n.4 (D.S.C. Apr. 2, 2007) ("In this Circuit,

verified complaints by *pro* se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge.") (citing *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir.1991)).  Capers and Jones' objections are overruled.

## II.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 100) as the order of the Court.  Defendant Capers and Jones' motion for summary judgment (Dkt. No. 78) is **GRANTED IN PART** and **DENIED IN PART.**  The motion is **DENIED** as to Plaintiff's claim against Capers and Jones for excessive force and as to Plaintiff's claim against Jones for bystander liability.  The motion is **GRANTED** as to all other claims of Plaintiff.  Defendant Williams' motion for summary judgment (Dkt. No. 87) is **GRANTED**.  Plaintiff's discovery motions are **DENIED** (Dkt. Nos. 85, 91, 92, 97) and Plaintiff's motion for extension of time (Dkt. No. 93) is **DENIED** as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

August 3, 2020
Charleston, South Carolina